ADMINISTRATOR OF JOEL BUTLER, deceased, plaintiff in error, vs. ELBERT W. HUGHES, defendant in error.

[1] Presumption of gift when slave went home with a daughter, on her marriage.
[2] Parol gift of slaves, perfected by delivery, was not rendered invalid by Act of 1856. That Act, neither in letter nor in spirit, extended to such a case.

Complaint for Negroes. In Twiggs Superior Court. Tried before Judge COLE. September Term, 1866.

This action was by the plaintiff in error against the defendant in error. Witnesses for the plaintiff proved, among other things, that the negroes sued for were in possession of the plaintiff's intestate, Butler, in the year 1860, he controlling them, and exercising acts of ownership over them, as his own property; that the defendant, Hughes, married the daughter of said Butler, in October, 1860; and after his marriage, he took these negroes home with him, with Butler's consent, and retained possession of them; was in pos-

session ot them at the death of his wife; that Mrs. Hughes died before this suit was instituted : Also, that Butler made demand for the negroes, of 'Hughes, before the suit was brought : Also, the value of the hire of the negroes.   He, Butler, said he had given the negroes to his daughter, Mrs. Hughes.   It was further proven that after the negroes went into possession of Hughes, he, Butler, exchanged another slave for one of those which had gone into Hughes' possession.

Counsel for the plaintiff requested the Court to instruct the jury, that under, and by virtue of, the Act of the Legislature passed in 1856, if the jury believe, from the evidence, that the gift of the negroes in question was a gift by parol, then, Hughes acquired no title, and the plaintiff was entitled to recover.   This charge the Court declined to give; but instructed the jury that the Act of 1856, prohibited the bringing of any action to charge any person, upon any contract of sale or gift of slaves, unless the agreement, or contiact, or gift, etc., be in writing; but that a defendant claiming title to a slave, by parol gift or contract which was executed by delivery into possession, could defend upon such parol gift or contract; and if the jury believed, from the evidence, that the negroes in question were thus given by parol, then, the plaintiff was not entitled to recover.

The Court further charged the jury, that if, from the evidence, they believed that Butler, upon the marriage of Hughes, sent the negroes home with his daughter, Mrs. Hughes, then, that fact is presumptive evidence of a perfected gift.

The refusal to charge, and the charges, as given, are assigned as error.

E. A. & J. T. Nisbet, for plaintiff in error.

Baily and deGraffenreid, for defendant.

HARRIS, J.

[1.] Following the decisions in South Carolina, the Courts of Georgia, for the last thirty years, have uniformly held that slaves going home with a daughter on her marriage, the possession and dominion of the father ceasing, without clear and convincing proof that they were merely temporarily loaned to the son-in-law, would be presumed to have been given, absolutely, as an advancement to the child thus married. We find nothing in the testimony before us, showing any understanding or agreement between the father-in-law and the son-in-law, which does or ought to rebut the presumption which the law creates, of an absolute gift.

[2.] The Act of 1856, relied on by plaintiff's counsel, by its letter and spirit, acts only on persons *instituting suits on parol gifts of slaves for their recovery*, and never could have been intended to affect the title of one holding by actual delivery and possession.

Let the judgment below be affirmed.